27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jane PECKHAM, Plaintiff/Appellant,
v.
WISCONSIN DEPARTMENT OF CORRECTIONS, et al., Defendants/Appellees.
 No. 92-3239.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.*
Decided March 30, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 Jane Peckham attempted to file a complaint against the Wisconsin Department of Corrections and two parole agents. She alleged that the defendants violated her due process rights by placing her on parole on her mandatory release date rather than unconditionally releasing her; Peckham requested compensatory damages and an injunction against "future loss of freedom". The district court dismissed Peckham's complaint without prejudice pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 2
 We agree that Peckham's complaint has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). A state prisoner in Wisconsin is "entitled to mandatory release on parole" upon serving two-thirds of her sentence. Wis.Stat. Sec. 302.11(1) (formerly Sec. 53.11); see Felce v. Fiedler, 974 F.2d 1484, 1491-92 (7th Cir.1992) (Wisconsin's mandatory release statute creates a protectible liberty interest). Prisoners who reach their mandatory release date (full sentence less good time) are released on parole until expiration of the full term. Burke v. Goodrich, 453 N.W.2d 497, 499 (Wis.App.1990). According to Peckham's complaint, she was placed on parole on the date of her mandatory release. Because Peckham received precisely the entitlement provided by the statute, she has no basis to claim a due process violation. The district court properly dismissed Peckham's complaint.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs